Mark Zeichner (MZ-6106)
Bruce S. Goodman (BG-8953)
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMERICAN HOME MORTGAGE CORP.,

                Plaintiff,

   – against –

SOLUTIONS FUNDING, INC.,

                Defendant.

Case No.:

**COMPLAINT**

---

Plaintiff American Home Mortgage Corp. ("American Home"), by its attorneys, Zeichner Ellman & Krause LLP, for its complaint alleges, upon information and belief, as follows:

## THE PARTIES

1. American Home is a New York corporation with its principal place of business at 538 Broadhollow Road in Melville, New York.

2. Defendant is a foreign corporation with its principal place of business at 17 W. 662 Butterfield Road, Suite 306, Oakbrook Terrace, Illinois.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because American Home and defendant are citizens of different states, and the matter in controversy exceeds $75,000., exclusive of interest and costs.

4. This Court has personal jurisdiction over defendant because defendant agreed in writing to submit to the jurisdiction of this Court.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because defendant agreed in writing to venue in this district.

## FOR A CAUSE OF ACTION

6. On or about November 1, 2005, American Home and defendant entered into the American Home Mortgage Loan Purchase Agreement (the "Agreement") pursuant to which defendant agreed to sell, and American Home agreed to purchase certain residential mortgage loans funded by defendant "in accordance with the terms and conditions of and the AHM Correspondent Guide, as amended from time to time (the "Guide")."

7. Section 6.5: <u>Early Payment Default</u> of the Guide provides, in relevant part:

> American Home Mortgage reserves the right to require repurchase of any mortgage loan in which one or more 30-day

2

delinquency occurred in the three months following our purchase of the loan.

The repurchase price to be paid to AHM shall be an amount equal to the outstanding principal balance at par of such Mortgage Loan plus accrued interest to the date of repurchase plus any reasonable cost or expense incurred by AHM relating to the repurchase. Such cost or expense as documented in writing by AHM including but not limited to the following: attorney fees, foreclosure fees, bankruptcy fees, property maintenance and inspection fees, escrow shortage, and corporate advances.

8. Section 8.94: <u>Repurchase</u> of the Guide, provides in relevant part:

[Defendant] shall have a period of thirty (30) days from …its receipt of notice of any Breach to correct or cure such Breach. [Defendant] hereby covenants and agrees that if any such Breach is not corrected or cured within such thirty (30) day period, [defendant] shall, within such period, at AHM's option, repurchase such Mortgage Loan at the Repurchase Price.

9. Pursuant to the Agreement, American Home purchased four mortgage loans (the "Mortgage Loans") from defendant which are now in default as a result of delinquent early payments, and which defendant is obligated to repurchase from American Home pursuant to the terms of the Agreement. The Mortgage Loans which are in default are:

(a) Loan No.:   1157156
    Borrower:   Robert Morales
    Property:   901 Brickell Key Boulevard, #1706
                Miami, Florida  33131

(b) Loan No.:   1157128
    Borrower:   Robert Morales
    Property:   901 Brickell Key Boulevard, #1706
                Miami, Florida  33131

3

    (c)    Loan No.:    1162228
            Borrower:   Annette Murphy
            Property:    11672 Sapphire
                          Frankfort, Illnois, 60423

    (d)    Loan No.:    1181853
            Borrower:   Edward Marlow
            Property:    311 Maple
                          Kissimmee, Florida 34741

10. Pursuant to the terms of the Agreement, American Home provided defendant due written notice of the default of the Mortgage Loans and demanded that defendant repurchase them.

11. The cumulative repurchase price for the Mortgage Loans as of September 21, 2006, is $1,729,377.25.

12. Defendant failed to repurchase any of the Mortgage Loans despite American Home's demand.

13. By reason of the foregoing, defendant materially breached its obligations to American Home pursuant to the Agreement.

14. American Home is ready and willing, and hereby offers to reassign both the Mortgage Loans to defendant upon payment of the repurchase price for each.

15. American Home has no adequate remedy at law, and requests that this Court specifically enforce the Agreement, and compel defendant to repurchase the Mortgage Loans from American Home.

**WHEREFORE**, American Home demands judgment against defendant as follows:

(a) on the claim for relief, compelling defendant to repurchase the Mortgage Loans in accordance with the Agreement or, in the alternative, if specific performance is not ordered, directing that American Home have judgment against defendant in the amount of no less than $1,729,377.25, plus costs and expenses, including attorneys' fees and disbursements;

(b) for all appropriate interest, together with costs and disbursements of this action; and

(c) for such further and other relief as the Court deems just and proper.

Dated: New York, New York
October 10, 2006

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Mark Zeichner, Esq. (MZ-6106)
Bruce S. Goodman, Esq. (BG-8953)
Attorneys for Plaintiff
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

491354.01/10331-005/BG